J-A16015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DANIEL ARTHUR HELEVA :
:
Appellant : No. 415 EDA 2022

Appeal from the PCRA Order Entered January 12, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000249-2002

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED SEPTEMBER 9, 2022**

Daniel Arthur Heleva (Appellant) appeals, *pro se*, from the order entered

January 12, 2022, in the Monroe County Court of Common Pleas, dismissing

as untimely his serial petition for collateral relief filed pursuant to the Post

Conviction Relief Act (PCRA).[1] Appellant seeks relief from the judgment of

sentence of life imprisonment without parole, imposed on March 4, 2005,

following his jury conviction of one count each of first-degree murder

(accomplice liability), conspiracy to commit aggravated assault, unlawful

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

restraint, and tampering with evidence, and four counts of endangering the welfare of children (EWOC).[2]

Appellant's convictions for first-degree murder and related offenses arose from the shooting of two men at his home in Kresgeville, Pennsylvania, on November 26, 2001.[3] In March 2005, the trial court sentenced Appellant to life imprisonment on the murder (accomplice) conviction. The trial court also sentenced him to additional, consecutive sentences on the remaining convictions. Appellant filed a timely appeal. In a *per curiam* order dated December 5, 2005, this Court dismissed his direct appeal because he failed to file a brief.

Exactly one year later, Appellant filed a PCRA petition, alleging appellate counsel was ineffective for failing to file a brief on direct appeal. On April 16, 2010, the PCRA court granted the petition, concluding that appellate counsel was *per se* ineffective for failing to file an appellate brief. The PCRA court restored his direct appeal rights *nunc pro tunc*. This Court affirmed Heleva's judgment of sentence on March 3, 2011, and the Pennsylvania Supreme Court denied his petition for allowance of appeal (PAA) on October 4, 2011. **See Commonwealth v. Heleva**, 1255 EDA 2010 (Pa. Super. Mar. 3, 2011) (unpub. memo.), *appeal denied*, 30 A.3d 487 (Pa. Oct. 4, 2011).

_____

[2] 18 Pa.C.S. §§ 2501(a), 306(a), 2702(a)(1), 903, 2902(a)(1), 4910(1), and 4304(a), respectively.

[3] Appellant's accomplice was Manuel Sepulveda.

- 2 -

In June 2012, Appellant filed a timely *pro se* PCRA petition and amended petition, raising numerous claims, including, *inter alia*, false arrest and prosecutorial misconduct. ***See i.e.***, Amended PCRA Petition, 6/27/2012. Counsel was appointed, and an amended petition was filed, adding an issue concerning the court's jury instructions. The court held evidentiary hearings on May 30, 2014, and July 28, 2014. Appellant then filed a petition to waive counsel and proceed *pro se*. After a colloquy before the court pursuant to Pa.R.Crim.P. 121, counsel was permitted to withdraw, and Appellant was given leave to represent himself. Appellant then filed a *pro se* brief in December 2014, raising one issue — counsel's ineffectiveness for failing to raise a Rule 600 defense. Oral argument was held in January of 2015. ***See*** PCRA Ct. Op., 3/13/15, at 4-7. On March 13, 2015, the PCRA court denied Appellant's petition. A panel of this Court affirmed the decision based on the PCRA court's opinion. ***See Commonwealth v. Heleva***, 886 EDA 2015 (Pa. Super. Jan. 22, 2016) (unpub. memo. at 1-8).

On November 30, 2018, Appellant filed a document titled, "Affidavid [sic] of Facts and Request for Rebuttal." The PCRA court treated the filing as a second petition,[4] and dismissed it on January 10, 2019, as untimely filed. ***See*** Order, 1/10/19. Appellant did not file an appeal. Instead, on September

---

[4] ***See Commonwealth v. Peterkin***, 722 A.2d 638 (Pa. 1998) (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose).

13, 2021, he filed the present PCRA petition, alleging trial counsel was ineffective for failing to object to the court's jury instruction regarding accomplice liability.[5] **See** Petition for Conviction Collateral Relief, 9/13/21, at 1-9. The Commonwealth filed a response on November 1, 2021. Thereafter, on December 2, 2021, the PCRA court issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition without conducting an evidentiary hearing. Receiving no response, the court entered an order on January 12, 2022, dismissing Appellant's petition as untimely filed. This appeal followed.[6]

As will be discussed below, Appellant does not provide a statement of questions presented in his appellate brief. From our review, Appellant raises the following claims: (1) trial counsel was ineffective for failing to challenge the court's jury instruction on accomplice liability; (2) as a result, his sentence is illegal; and (3) the Commonwealth committed "gamesmanship" by

---

[5] A review of Appellant's PCRA petition also reveals that he made a general reference to the Commonwealth's "closing argument," but he did not provide any detail regarding this purported error. **See** Petition for Conviction Collateral Relief, at 3-4, 8.

[6] On February 2, 2022, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the court's directive and filed a concise statement on February 22, 2022. The court issued a Pa.R.A.P. 1925(a) opinion on March 3, 2022.

withholding its response to his petition until after the PCRA court filed its order on January 12, 2021. Appellant's Brief at 2-3.[7]

Initially, as mentioned in prior decisions,[8] we reiterate to Appellant that

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citations omitted).

Here, Appellant's brief violates the Rules of Appellate Procedure by failing to include a statement of the questions involved, a statement of the case, and a summary of the argument. ***See*** Pa.R.A.P. 2111(a), 2116-2118. The argument section of Appellant's brief is not divided into as many parts as

---

[7] Appellant also claims he never received the court's Rule 907's notice. ***See*** Appellant's Brief at 4; ***see also Commonwealth v. Feighery***, 661 A.2d 437, 439 (Pa. Super. 1995) (stating that the notice requirement of Rule 907 is mandatory). We find this argument to be specious for the following reasons: (1) the docket and the affidavit attached to the Rule 907 notice indicates that Appellant was served *via* "Clerk of Court's Boxes" and by mail, respectively, and there is no indication in the record that the notice was rejected or determined to be undeliverable; (2) the address on the notice matches the same address Appellant provided on the cover sheet of his appellate brief; and (3) Appellant did not file a motion for reconsideration, asserting that he did not receive the notice, after the court's January 12, 2022, order was filed. Given that Appellant has prior PCRA history and that his present petition was untimely filed, we need not address this claim further.

[8] This Court first informed Appellant about his *pro se* status in its January 2016 decision. ***See Heleva***, 866 EDA 2015 (unpub. memo. at 6).

there are questions to be argued and lacks any citation to the record or synopsis of the evidence. *See* Pa.R.A.P. 2119(a), (c), and (d). Moreover, his brief is comprised of incoherent and underdeveloped arguments. Nevertheless, we construed Appellant's claims to the best of our ability and therefore, we will review his appeal.

Based on the nature of Appellant's claims, we will address them together. Appellant first raises the following issue:

> Appellant believes he is entitled to relief on his direct due process challenge to erroneous jury instructions based upon the certified jury slips which make clear a reasonable likelihood that the "Accomplice" instruction violated the Constitution[,] and, the error was not harmless but had a "substantial and injurious effect or influence in determining the jury's verdict."

> Ineffective Assistance of Counsel. Trial counsel never once objected, never preserved a single issue and certainly never challenged the erroneous ["]Accomplice" jury instruction. Counsel's inaction resulted in conviction and "life" sentence of Appellant without due process rendering deficient performance which fell below an objective standard of reasonableness.

Appellant's Brief at 2 (citations, emphasis, and some capitalization omitted).

Appellant next contends that because of counsel's alleged ineffectiveness, he received an illegal sentence. *See* Appellant's Brief at 3. He states: "The corollary of a conviction obtained in violation of law as an illegal sentence; [c]hallenges to the legality of sentence cannot be waived." *Id.* (citation omitted; grammar errors in original).

Lastly, Appellant asserts the Commonwealth committed "gamesmanship," pointing to the following:

- 6 -

> 1. The Commonwealth's inability to contradict the merits resonates in that offices deliberate choice to withhold Appellants copy of its impalpable "answer," post dated ten (10) days after the copy filed of record thirty (30) minutes shy of being in violation of court order (September 16, 2021 pt.2)[.]
>
> 2. That late served "answer" (Received 11/17/2021), prompted Appellants 'Motion for Disposition' mailed to the Court November 12, 2021 but WITHHELD/UNFILED until January 13, 2022: the day AFTER dismissal of PCRA[.]
>
> 3. Once received (11/17/2021); Appellant waisted not time at disenfranchising the [C]ommonwealth's "answer with his handwritten Reply -- which the Clerk of Monroe [County] NEVER FILED.

*Id.* at 3 (grammar, spelling, and punctuation errors in original; footnote omitted).

In reviewing an order denying a PCRA petition, our standard of review "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation and internal quotation marks omitted).

> Pursuant to Rule 907, a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings.

*Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted).

Before we may address the merits of Appellant's argument, we must determine if this appeal is properly before us.

> The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citations, quotation marks, and emphasis omitted).

Here, Appellant's judgment of sentence was final on January 2, 2012, 90 days after the Pennsylvania Supreme Court denied his PAA and the time for filing a writ of *certiorari* with the United States Supreme Court expired. Therefore, he generally had until January 2, 2013, to file a timely PCRA petition. Appellant did not file the instant PCRA petition until September 2021, over eight years later, making it patently untimely.

Nevertheless, we may still consider an untimely petition if a petitioner: (1) alleges and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i) to (iii); and (2) files a petition raising the exception within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). The three time-for-filing exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). It is the appellant's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

Here, the PCRA court found Appellant's petition was untimely and dismissed it. *See* PCRA Ct. Op., 3/2/22, at 2. Specifically, the court opined:

[Appellant]'s petition does not set forth any facts which were unknown to [him] when he filed his [previous] PCRA petition; the trial judge's jury instructions were available to [Appellant] at that time. He has not cited any constitutional right that was recognized by the Supreme Court of Pennsylvania or the Supreme Court of the United States after he was convicted. No exceptions to the one year jurisdictional bar found in Section 9545 have been cited.

*Id.* at 3.

We discern no error in the PCRA court's determination. A review of Appellant's brief reveals that none of his arguments include any discussion addressing the timeliness exceptions set forth in Section 9545(b)(1)(i)-(iii). Moreover, to the extent he raises an ineffectiveness claim, we point to the following:

It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA. *See Commonwealth v. Pursell*, 749 A.2d 911, 915-16 (Pa. 2000) (holding a petitioner's claim in a

- 9 -

second PCRA petition, that all prior counsel rendered ineffective assistance, did not invoke timeliness exception, as "government officials" did not include defense counsel); *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785-86 (Pa. 2000) (finding that the "fact" that current counsel discovered prior PCRA counsel failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence exception to time-bar); *Commonwealth v. Lark*, 746 A.2d 585, 589 (Pa. 2000) (holding that allegation of ineffectiveness is not sufficient justification to overcome otherwise untimely PCRA claims).

*Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005).

We recognize that in *Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018), the Pennsylvania Supreme Court held that a claim of *per se* ineffectiveness of counsel can, in limited circumstances, satisfy the timeliness exception of Subsection 9545(b)(1)(ii). *See Peterson*, 192 A.3d at 1130. In that case, the defendant's attorney filed his first "PCRA petition one day late, thus precluding any merits or appellate review of [the defendant's] collateral claims." *Id.* at 1125. The Supreme Court "conclude[d] that counsel's negligence *per se* in filing an untimely PCRA petition constitute[d] adequate grounds to permit the filing of a new PCRA petition beyond the one-year time bar pursuant to the exception in subsection 9545(b)(1)(ii)." *Id. See also Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). The matter before us is distinguishable because Appellant's allegations do not concern an argument of complete abandonment by counsel or a complete foreclosure of

collateral review.[9]  We emphasize the PCRA petition at issue was Appellant's third attempt at appellate review.  Accordingly, there is no merit to this assertion.

As for his argument that a legality of the sentence claim cannot be waived, we note: "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."  **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999).  Here, Appellant has not proved, or even asserted, that his illegal sentence claim meets any of the timeliness exceptions.  Therefore, this issue fails.

Finally, regarding Appellant's allegation of the "gamesmanship" on the part of the Commonwealth with respect to its response to his PCRA petition, we find this contention is easily dismissed.  Appellant fails to explain how such an argument relates to his failure to file a timely PCRA petition or how the timeliness exceptions apply to the matter.  As such, this final dispute is

---

[9] We acknowledge that more recently, in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), the Pennsylvania Supreme Court relinquished the Pa.R.Crim.P 907 approach to preservation of PCRA counsel's ineffectiveness claims and concluded:  "[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 401 (footnote omitted).  However, that case, unlike the instant matter, concerned a first, timely PCRA petition.  **See id.** at 384.

- 11 -

unavailing. Accordingly, we conclude the PCRA court properly found Appellant's petition was untimely filed and he was not entitled to any relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2022